IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICOLETA FARANDATO MEJIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-00241-DGK |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER REMANDING CASE TO THE COMMISSIONER

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Nicoleta Farandato Mejia's applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease, cervical radiculopathy, scoliosis, fibromyalgia, and headaches, but she retained the residual functional capacity ("RFC") to perform her past relevant work as a financial manager.

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this case is REMANDED to the Commissioner for further proceedings consistent with this Order.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications on August 24, 2018, alleging a disability-onset date of November 1, 2017. The Commissioner denied the application at the initial claim level, and

Plaintiff appealed the denial to an ALJ. The ALJ held a telephone hearing on April 28, 2020, and on May 21, 2020, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on February 11, 2021, leaving the ALJ's decision as the Commissioner's final decision. Since Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or

2

determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ erred at step four when he concluded that Plaintiff was not disabled because she could perform her past work as a financial manager. More specifically, Plaintiff argues that substantial evidence does not support the ALJ's classification of her past work as being a financial manager, and the ALJ erred in how he analyzed whether she could perform that job given her RFC. ECF No. 10 at 21–23; ECF No. 18 at 8–10. Defendant responds that the ALJ's identification of her past work as financial manager was appropriate based on Plaintiff's application materials and her testimony. ECF No. 15 at 27–31.

As part of the step four analysis, the ALJ determines: (1) whether the claimant's prior jobs qualify as past relevant work, *Moad v. Massanari*, 260 F.3d 887, 891 (8th Cir. 2001); and (2) if they do, whether the claimant can still perform that work given her RFC, *Young v. Astrue*, 702 F.3d 489, 491 (8th Cir. 2013). A job qualifies as "past relevant work if it was 'done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity.'" *Moad*, 260 F.3d at 891 (quoting 20 C.F.R. § 404.1565(a)). If a job qualifies as past relevant work, then the ALJ must compare the claimant's RFC "with the physical and mental demands of the [the claimant's] past relevant work." *Young*, 702 F.3d at 491 (quoting 20 C.F.R. § 404.1520(f)). That determination requires the ALJ to "*fully* investigate and make *explicit* findings as to the physical and mental demands of the claimant's past relevant work and compare

---

medically equal a listed impairment; (4) [her] residual functional capacity precludes his past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

that with what the claimant herself is capable of doing before [the ALJ] determines she is able to perform her past relevant work." *Id.* (internal quotation marks omitted and emphasis in original). But this duty may be discharged in part by the ALJ "referring to the specific job descriptions in the *Dictionary of Occupational Titles* [ (DOT) ] that are associated with the claimant's past work." *Id.* (internal quotation marks omitted).

Here, based on the testimony from the vocational expert, the ALJ identified Plaintiff's only relevant past work was in 2015 and 2016 as a "financial manager," a position defined in the DOT. The Court cannot find that substantial evidence supports this determination. The DOT identifies "financial manager" as someone who "manages [a] branch or office of [a] financial institution[], such as [a] commercial bank, credit union, finance company, mortgage company, savings bank, or trust company." DOT § 186.167-086. The "financial manager" position entails, among other things, directing and coordinating policy implementation and supervising subordinates. *Id.* Although Plaintiff's application suggests she "owned" a "financial services" company from 2014 until 2017, R. at 282, she appears to have testified that this consisted of selling insurance annuities over the phone, R. at 65. There is no indication that she managed or supervised any employees during this time or implemented policies. It could be that she did that type of work but, based on the current record, the evidence suggests that Plaintiff simply owned a small business where she sold insurance. True, Plaintiff's attorney failed to dispute the ALJ's classification at the hearing, but this does not change the fact that the current record evidence does not appear to support this classification. On the current record, the Court fails to see how Plaintiff work in 2015 and 2016 qualifies her to be a "financial manager" as defined in the DOT.

And the Court cannot find this apparent error to be harmless. Based on the testimony from the vocational expert, the ALJ used the DOT's "financial manager" job description to determine

4

that Plaintiff could still perform her past relevant work given her RFC. R. at 20–21. But if the financial manager job is not her past relevant work, then the ALJ's conclusion at step four is necessarily flawed. Moreover, unlike in some cases where courts have found similar step four errors to be harmless, there was no alternative step five finding that Plaintiff could perform other jobs given her RFC. *See Pemberton v. Saul*, No. 4:18-cv-00324-LMC, 2020 WL 1536542, at *5 (W.D. Mo. Mar. 31, 2020); *Gray v. Astrue*, No. 08-cv-00057-NKL, 2008 WL 4816986, at *8 (W.D. Mo. Oct. 28, 2008); *see also Schmid v. Colvin*, No. 4:13-cv-1429-SPM, 2014 WL 4749080, at *6 (E.D. Mo. Sept. 24, 2014). Thus, remand is necessary here. *See Pealo v. Comm'r of Soc. Sec.*, No. 3:17-cv-149, 2017 WL 5891772, *8 (N.D.N.Y. Oct. 30, 2017) (remanding case where record did not support the ALJ's "financial manager" classification).

In remanding for further clarification, the Court is not indicating what it believes the ultimate disability determination should be. That decision is reserved for the Commissioner. The Court is simply saying that the ALJ should more thoroughly analyze Plaintiff's past relevant work, whether she could perform it given her RFC, or whether other jobs exist in the national economy that Plaintiff could perform given her RFC.

## Conclusion

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date:  August 24, 2022              /s/ Greg Kays
                                                                        GREG KAYS, JUDGE
                                                                        UNITED STATES DISTRICT COURT